# EXHIBIT 2

## CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

This Confidentiality and Non-Disclosure Agreement ("Agreement") made by and between PICA Corporation, an Ohio corporation ("PICA"), and TigerSwan Inc. ("TigerSwan") relating to the disclosure of confidential information by each party to the other for the purpose of the following:

**Forming an Alliance between TigerSwan and PICA in hopes of leveraging both the Government and Private sector experience for mutual gain**

As used herein, "Confidential Information" shall mean any information and data transmitted by the disclosing party to the receiving party, including but not limited to, trade secret information and other information respecting a party's internal business practices not generally known but which if it becomes generally known would provide a competitive advantage to competitors, technical, marketing, operating, performance, cost, know-how, business and process information, computer programming techniques, and all record bearing media containing or disclosing such information and data which is disclosed by either party to the other.

Confidential Information shall be disclosed in documentary or tangible form and to the extent practical marked to indicate its confidential nature. In the case of Confidential Information disclosed orally or visually, the disclosing party shall confirm in writing the fact and general nature of each disclosure within thirty (30) days after it is made.

As used herein, "disclosing party" shall mean the party transmitting Confidential Information. As used herein, "receiving party" shall mean the party receiving Confidential Information. The receiving party understands that the Confidential Information received from the disclosing party is regarded by the disclosing party as valuable and in consideration thereof and of the mutual promises herein, the receiving party AGREES AS FOLLOWS:

1. The receiving party agrees to use the Confidential Information only for the above purpose, and to reproduce the Confidential Information only as reasonably necessary, and to hold in confidence and protect the Confidential Information from disclosure, except as expressly permitted herein.

2. The receiving party agrees to disclose the Confidential Information only to its own employees and Representatives who have a need to know for the above purpose and who are informed of and who have agreed to comply with the terms of this Agreement. Without the prior written consent of the other party, neither party nor its Representatives shall disclose discussions relating to a possible transaction, or any other facts with respect to such discussions, except such disclosure as permitted herein or required by applicable law. As used herein, "Representatives" shall mean any director, officer, employee, agent, lender or other representative of the receiving party or its parent corporation, subsidiaries

1

or affiliates, including without limitation any accountant, attorney or financial advisor of the party.

3. All Confidential Information shall be returned to the disclosing party promptly upon its request, except that the receiving party may retain one copy of the Confidential Information in the possession of its legal counsel solely for the purpose of monitoring its obligations under this Agreement.

4. The obligation of the receiving party with respect to the disclosure, reproduction and use of Confidential Information, as set forth in this Agreement, is not applicable to Confidential Information which:

    a. is or becomes available to such receiving party from a source, other than the other party to this Agreement without breach of this Agreement by such receiving party; or

    b. is developed independently by such receiving party; or

    c. is or becomes generally available to the public through no act or omission on the part of the receiving party; or

    d. is already known by the receiving party on an unrestricted basis; or

    e. is disclosed by the disclosing party to others on an unrestricted basis.

5. The standard of care for protection of Confidential Information which shall be imposed on the receiving party shall be that degree of care that the receiving party uses to prevent disclosure, publication or dissemination of its own Confidential Information, but in no event less than a reasonable degree of care.

6. The term of this Agreement shall be for a period of two (2) years from the Effective Date. Notwithstanding, the receiving party shall maintain the Confidential Information in confidence in accordance with the terms of this Agreement for a period of three (3) years from the date of receipt of such Confidential Information.

7. Either party, upon thirty (30) days notice in writing to the other party, may terminate this Agreement with respect to the disclosures made thereafter. The rights and obligations of both parties as to disclosure made within the terms of this Agreement shall remain as specified herein. Within thirty (30) days of termination of this Agreement, or upon completion of the effort or project to which this Agreement applies, each party shall collect all Confidential Information applicable thereto and received under this Agreement, and shall either return the

Confidential Information to the disclosing party or dispose of the Confidential Information in accordance with the disclosing party's written direction.

8. Neither the Confidential Information nor the act of disclosure thereof shall constitute a grant of any license under any trademark, patent or copyright or application for same, nor shall they constitute any representation or warranty as to the accuracy or completeness of the information. It is understood that this Agreement does not constitute an agreement to enter into a business transaction or to have any further discussions concerning a business transaction. No agreement relating to a business transaction between the parties shall be deemed to exist unless and until a definitive agreement regarding such transaction shall be has been duly executed by both parties.

9. In the event that the receiving party is requested or required (by interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose any of the Confidential Information, the receiving party shall provide the disclosing party with prompt written notice so that the disclosing party may seek a protective order or other appropriate remedy. In the event such protection or other remedy is not obtained, the receiving party shall furnish only that portion of the Confidential Information which the receiving party is advised by written opinion of corporate or outside counsel is legally required and shall exercise its best reasonable efforts to obtain assurance that confidential treatment will be accorded to such Confidential Information.

10. The terms of this Agreement shall inure to the benefit of the parties and their successors and assigns. Without prejudice to the other remedies otherwise available to the disclosing party at law or in equity, the disclosing party may be entitled to equitable relief by way of injunction if the receiving party or any of its Representatives breach or threaten to breach any of the provisions of this Agreement.

11. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio, exclusive of its conflicts of law rules. Any and all disputes arising under this Agreement shall be litigated exclusively in the federal or state courts located in Franklin County, Ohio exclusive of any other courts and the parties hereto, by entering into this Agreement, agree and consent to jurisdiction in said courts.

12. This Agreement constitutes and expresses the entire agreement between the parties in reference to all matters referred to herein and all previous discussions, promises, representations and understandings, if any, are merged into this Agreement.

13. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

As evidence of mutual agreement of the foregoing terms and conditions by the parties hereto, the parties have executed this Agreement on the date(s) shown herein below. The Effective Date of this Agreement shall be the date on which this Agreement was executed by the last executing party.

PICA Corporation

By: *(signature)*
Rodolfo G. Diaz
Title: Chief Operations Officer
Date: July 30, 2009

TigerSwan Inc.

By *(signature)*
Name: THOMAS P. WRIGHT
Title: Director of Operations
Date: 30 July 2009

4