# EXHIBIT 6

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| SERIAL NUMBER | 87043622 |
| LAW OFFICE ASSIGNED | LAW OFFICE 107 |
| **MARK SECTION** | |
| MARK | GUARDIANANGEL |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **ARGUMENT(S)** | |
| Please see the actual argument text attached within the Evidence section. | |
| **EVIDENCE SECTION** | |
| EVIDENCE FILE NAME(S) | |
| ORIGINAL PDF FILE | evi_661941746-20170306122715374161_._Response_to_Office_Action_-_GUARDIANANGEL.pdf |
| CONVERTED PDF FILE(S) (5 pages) | \\TICRS\EXPORT17\IMAGEOUT17\870\436\87043622\xml1\ROA0002.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\870\436\87043622\xml1\ROA0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\870\436\87043622\xml1\ROA0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\870\436\87043622\xml1\ROA0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\870\436\87043622\xml1\ROA0006.JPG |
| DESCRIPTION OF EVIDENCE FILE | response to Section 2(d) Refusal |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| INTERNATIONAL CLASS | 045 |
| DESCRIPTION | |
| Security consultancy; Security services, namely, providing protection for individuals or locations; Security services, namely, providing security assessments of physical locations, information systems, or working environments; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/30/2011 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/30/2011 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| INTERNATIONAL CLASS | 045 |
| TRACKED TEXT DESCRIPTION | |

~~Security consultancy~~; Security consultancy, namely, providing pre-travel risk mitigation plans and emergency action plans; ~~Security services, namely, providing protection for individuals or locations~~; Security services, namely, providing international travel protection for individuals or locations; ~~Security services, namely, providing security assessments of physical locations, information systems, or working environments~~; Security services, namely, providing pre-travel security assessments of physical locations, information systems, or working environments; ~~Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response~~; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response for individuals travelling internationally

| FINAL DESCRIPTION | |
|---|---|
| Security consultancy, namely, providing pre-travel risk mitigation plans and emergency action plans; Security services, namely, providing international travel protection for individuals or locations; Security services, namely, providing pre-travel security assessments of physical locations, information systems, or working environments; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response for individuals travelling internationally | |
| **FILING BASIS** | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/30/2011 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/30/2011 |
| **SIGNATURE SECTION** | |
| RESPONSE SIGNATURE | /William B. Cannon/ |
| SIGNATORY'S NAME | William B. Cannon |
| SIGNATORY'S POSITION | Attorney of record, North Carolina bar member |
| SIGNATORY'S PHONE NUMBER | 919-828-0564 |
| DATE SIGNED | 03/06/2017 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Mar 06 13:32:40 EST 2017 |
| TEAS STAMP | USPTO/ROA-XX.XXX.XX.XX-20170306133240904738-87043622-580553de949ce5a26133314555d9040cfbea12ae439b9fdbea92ed555113554cae-N/A-N/A-20170306122715374161 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **87043622** GUARDIANANGEL(Standard Characters, see ) has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

Please see the actual argument text attached within the Evidence section.

**EVIDENCE**
Evidence in the nature of response to Section 2(d) Refusal has been attached.
**Original PDF file:**
evi_661941746-20170306122715374161_._Response_to_Office_Action_-_GUARDIANANGEL.pdf

**Converted PDF file(s)** ( 5 pages)
Evidence-1
Evidence-2
Evidence-3
Evidence-4
Evidence-5

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 045 for Security consultancy; Security services, namely, providing protection for individuals or locations; Security services, namely, providing security assessments of physical locations, information systems, or working environments; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response
Original Filing Basis:
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/30/2011 and first used in commerce at least as early as 06/30/2011 , and is now in use in such commerce.

**Proposed:**
**Tracked Text Description:** ~~Security consultancy~~; Security consultancy, namely, providing pre-travel risk mitigation plans and emergency action plans; ~~Security services, namely, providing protection for individuals or locations~~; Security services, namely, providing international travel protection for individuals or locations; ~~Security services, namely, providing security assessments of physical locations, information systems, or working environments~~; Security services, namely, providing pre-travel security assessments of physical locations, information systems, or working environments; ~~Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response~~; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response for individuals travelling internationally

Class 045 for Security consultancy, namely, providing pre-travel risk mitigation plans and emergency action plans; Security services, namely, providing international travel protection for individuals or locations; Security services, namely, providing pre-travel security assessments of physical locations, information systems, or working environments; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response for individuals travelling internationally
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 06/30/2011 and first used in commerce at least as early as 06/30/2011 , and is now in use in such commerce.
**SIGNATURE(S)**
**Response Signature**
Signature: /William B. Cannon/     Date: 03/06/2017
Signatory's Name: William B. Cannon
Signatory's Position: Attorney of record, North Carolina bar member

Signatory's Phone Number: 919-828-0564

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the owner/holder in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner's/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 87043622
Internet Transmission Date: Mon Mar 06 13:32:40 EST 2017
TEAS Stamp: USPTO/ROA-XX.XXX.XX.XX-20170306133240904
738-87043622-580553de949ce5a261333314555d
9040cfbea12ae439b9fdbea92ed555113554cae-
N/A-N/A-20170306122715374161

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Trademark Application of TigerSwan LLC f/k/a TigerSwan Inc. | |
| Serial No.: 87043622 | Examining Attorney: Kelly Trusilo |
| Filed: May 19, 2016 | |
| Mark: GUARDIANANGEL | |

### RESPONSE TO OFFICE ACTION

Dear Ms. Trusilo:

This response addresses the Office Action dated September 6, 2016 (the "Office Action") regarding the trademark application of TigerSwan LLC f/k/a TigerSwan Inc. ("Applicant") to register the mark GUARDIANANGEL (Serial No. 87043622) ("Applicant's Mark"). For the reasons set forth below, and in light of the amendment requested below, Applicant respectfully disagrees with the assertion in the Office Action that Applicant's Mark is likely to be confused with the previously registered word mark GUARDIAN ANGEL (Registration No. 4877016) ("Registrant's Mark").

### Amendment to Service Description

Applicant offers bodyguard and other physical security services for individuals traveling to foreign countries. See Exhibit A.

To more precisely identify the services Applicant is providing, and to better illustrate the differences between Applicant's services offered under Applicant's Mark and Registrant's services offered under Registrant's Mark, Applicant is requesting that the Examining Attorney revise the description of services under Applicant's Mark as follows:

> Security consultancy**, namely, providing pre-travel risk mitigation plans and emergency action plans**; Security services, namely, providing **international travel** protection for individuals or locations; Security services, namely, providing **pre-travel** security assessments of physical locations, information systems, or working environments; Security services, namely, threat simulation vulnerability analysis and mitigation and emergency and crisis response **for individuals travelling internationally.**

### Likelihood of Confusion Standard

1

In accordance with the standards established by *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973) ("*du Pont*"), the Trademark Manual of Examining Procedure ("TMEP") provides a number of factors for determining whether a likelihood of confusion exists between two marks. *See* TMEP § 1207.1. "[T]here is no mechanical test for determining likelihood of confusion and 'each case must be decided on its own facts.' " TMEP § 1207.1 (citing *du Pont*, 476 F.2d at 1361). Each case must be decided on its own facts and any one *du Pont* factor may be dispositive in a confusion inquiry. *Champagne Louis Roederer S.A. v. Delicato Vineyards*, 47 USPQ2d 1459 (Fed. Cir. 1998).

In this case, the *du Pont* factors to be considered include the dissimilarities of the marks in their entireties as to appearance. *See du Pont*, 476 F.2d at 1361. Additionally, the services associated with each mark must be compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §1207.01, (a)(vi). A final relevant factor in a likelihood-of-confusion analysis involves consideration of the conditions under which sales are made (*e.g.*, whether the purchases are made by sophisticated, careful purchasers or whether they are "impulse" purchases). *See Electronic Design & Sales, Inc. v. Electronic Data Systems Corp.*, 954 F.2d 713, 718 (Fed. Cir. 1992) (no confusion between identical marks where, *inter alia*, both parties' goods and services "are usually purchased after careful consideration by persons who are highly knowledgeable about the goods or services and their source."). *See also* TMEP § 1207.01(d)(vii) (care in purchasing tends to minimize the likelihood of confusion).

1. <u>Dissimilar Appearance</u>. The appearances of Applicant's Mark and Registrant's Mark are materially different. Applicant's Mark consists of the single word "GUARDIANANGEL", a fanciful amalgamation of two (2) words not commonly presented as one (1) word in the English language. In contrast, Registrant's Mark consists of the two (2) words "GUARDIAN ANGEL" presented conventionally with a space between them, creating a "key distinction" in the appearance and overall impression created by the marks. *See, e.g., Streetwise Maps Inc. v. VanDam Inc.*, 48 USPQ2d 1503, 1507 (2d Cir. 1998) (finding the fact that one mark appeared as one (1) word whereas the other appeared as two separate words due to its color scheme was a "key distinction" in the overall impression created by the marks that would lead consumers to believe the products originated from different sources). This difference in the appearance and overall visual impression presented by Applicant's Mark in contrast with Registrant's Mark indicates that consumers are not likely to confuse them.

2. <u>Different Services</u>. The goods and/or services associated with each mark must be compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §1207.01, (a)(vi).

The Office Action lists the pertinent goods and/or services associated with both Applicant's Mark and Registrant's Mark as part of the Examining Attorney's analysis regarding likelihood of consumer confusion. The Office Action further indicates that Applicant's services

2

are closely related to Registrant's services because both are security services, likely to travel through the same channels of trade to the same classes of purchasers.

The services, though, are actually distinguishable. Registrant is providing GPS tracking services for supply chain management. The "security" is in terms of peace of mind, since the goods are being tracked as they travel through commerce. All of the services covered by the registration hinge on GPS-driven asset <u>tracking</u>.

In contrast, Applicant is offering boots-on-the-ground physical "security," bodyguards, anti-terrorist protection, and crisis response. Customers would contact Applicant before traveling to a potentially dangerous location (such as Iraq), and Applicant would assess the likelihood of a physical threat to the individual, then develop and implement a strategy for protecting the individual from attacks, kidnapping, or other physical risks.

To ensure that the applications reflect this significant distinction in the relevant services, Applicant has requested that the Examining Attorney narrow the scope of the services covered by the Application, as described above.

3. <u>Sophisticated, Careful Purchasers</u>. Another relevant factor in a likelihood-of-confusion analysis involves consideration of the conditions under which sales of the products are made (*e.g.*, whether the purchases are made by sophisticated, careful purchasers or whether they are "impulse" purchases). *See Electronic Design & Sales, Inc. v. Electronic Data Systems Corp.*, 954 F.2d 713, 718 (Fed. Cir. 1992) (no confusion between identical marks where, *inter alia*, both parties' goods and services "are usually purchased after careful consideration by persons who are highly knowledgeable about the goods or services and their source."). *See also* TMEP § 1207.01(d)(vii) (care in purchasing tends to minimize the likelihood of confusion).

Here, ordinary consumers are unlikely to purchase either Applicant's services or the services associated with Registrant's Mark. Rather, the parties' respective services will be purchased in large part by professional buyers on behalf of specialized individuals or commercial entities. Specifically, Applicant's customers (individuals or entities in the market for professional anti-terrorist protection services) and Registrant's customers (supply chain managers at major corporations) are sophisticated purchasers with knowledge of highly specialized fields who are unlikely to be confused as to the source of the parties' services. When you're hiring a bodyguard to protect you in a foreign country, or a company to track your cargo during shipping, you're going to carefully consider your options. Thus, purchases will only occur after careful consideration and after a close evaluation of the services' characteristics, cost, and effectiveness.

Put simply, given the specialized, commercial, and professional nature of the services being offered both by Applicant and by Registrant, the relevant customers will be informed, sophisticated, and deliberate, and they will have no difficulty distinguishing the source of Applicant's services offered under Applicant's Mark from the source of the services offered under Registrant's Mark.

## CONCLUSION

3

In light of the foregoing, and particularly given the narrowing of the services covered by Applicant's application to emphasize the significant difference in the relevant services, consumers are unlikely to confuse the source or origin of Applicant's Mark and Registrant's Mark.

Applicant respectfully requests that the Examining Attorney telephone William B. Cannon at (919) 835-4684 with any further questions regarding the application.

Respectfully submitted this 6th day of March, 2017.

4

Exhibit A

